LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
DEC - 9 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>McCARTHY OCAYA CARTER,<br><br>　　　　Defendant. | CRIMINAL CASE NO. 05-00087<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, McCARTHY OCAYA CARTER, enter into the following plea agreement:

1. The defendant agrees to waive indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, and enter a guilty plea to an Information charging him with possession of .41 gram of methamphetamine hydrochloride a/k/a "ice," a schedule II controlled substance, in violation of Title 21, United States Code, Section 844(a). The government will move to dismiss with prejudice the indictment in Criminal Case No. 03-00103 upon sentencing.

2. The defendant, McCARTHY OCAYA CARTER, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United

1

States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property. In particular, defendant agrees not to contest any administrative or court forfeitures of the $106,202 in United States currency that law enforcement officers recovered in his residence on November 20, 2003, and which represents drug proceeds from drug trafficking activities.

3. The defendant, McCARTHY OCAYA CARTER, understands that the <u>maximum</u> sentence for possession of methamphetamine hydrochloride a/k/a "ice" is three (3) years imprisonment and a $5,000 fine, since defendant was previously convicted of two or more felony drug offenses. Any sentence imposed shall include a term of supervised release of not more than one (1) year in addition to such terms of imprisonment and a $100.00 special assessment fee. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release, thereby resulting in the additional incarceration of defendant for not more than one (1) year.

The total special assessment fee of $100.00 must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of possession of methamphetamine hydrochloride, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: the defendant knowingly possessed .41 gram of methamphetamine hydrochloride, and

<u>Second</u>, the defendant knew that it was methamphetamine hydrochloride

5. The defendant understands that the United States Probation Office will calculate

2

a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

    a. The defendant was born in 1963, and is a citizen of the United States.

    b. On November 20, 2003, in the District of Guam, the defendant knowingly possessed .41 gram of methamphetamine hydrochloride a/k/a "ice," and the defendant knew that it was methamphetamine hydrochloride a/k/a "ice."

    c. Defendant acknowledges and agrees that $106,202 in U.S. currency which law enforcement agents recovered from him, his residence and vehicle on November 20, 2003, are direct proceeds of drug trafficking, and the defendant does not contest any administrative or court forfeitures of the $106,202 in United States currency.

    d. On about March 17, 2000, the defendant was convicted of two felony drug offenses, to-wit, possession of a schedule II controlled substance with intent to deliver, in Criminal Case No. CF0318-98 in the Superior Court of Guam and Criminal Case No. CF0773-98 in the Superior Court of Guam. On September 24, 1986, the defendant was convicted of a felony drug offense, to-wit, possession of a controlled substance with intent to deliver, in Criminal Case No. 140F-86 in the Superior Court of Guam.

    e. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

    6. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal

3

the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

7. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendation of the government or his counsel;

    f. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

4

g. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That he has read this agreement, and he fully understands it;

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: DEC 07 2005

McCARTHY OCAYA CARTER
Defendant

DATED: DEC 07 2005

HOWARD TRAPP
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 12/7/05

By:

MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 12-7-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

5